Victor **CALLISON** et al., Appellants,

v.

Wanda S. **HARTGRAVES**, Appellee.

No. 4276.

Court of Civil Appeals of Texas.

Eastland.

Nov. 22, 1968.

Bryant, Glenn & Thomas, Allen Glenn, Abilene, for appellants.

Willoughby, Pope, Dickenson, Batjer & Glandon, John A. Willoughby, Abilene, for appellee.

COLLINGS, Justice.

Victor Callison, a minor, joined as next friend by his mother Mrs. Mary Ruth Walden and her husband Woodrow Walden, brought suit against Wanda S. Hartgraves seeking to recover damages for personal injuries sustained by Victor Callison and for medical expenditures incurred by Mr. and Mrs. Walden as a result of a col-

lision of a bicycle ridden by the minor plaintiff and an automobile driven by Mrs. Hartgraves. The case was tried before a jury and based upon the verdict, judgment was rendered for the defendant. The plaintiffs have appealed.

On June 28, 1967, the appellee Mrs. Hartgraves was driving her automobile south on Minter Lane in Abilene and collided with appellant Victor Callison who was riding his bicycle. There were no witnesses to the accident other than the parties involved therein. Victor Callison testified that he remembered riding his bicycle south on Minter Lane about three or four feet from the right hand curb but that he did not remember what happened in regard to the actual occurrence of the accident. Mrs. Hartgraves testified that she was returning home from work at the time of the accident and was accompanied by her eighteen months old daughter whom she had picked up at the home of relatives who kept the child during her working hours; that as she was driving down Minter Lane she approached the boy on his bicycle who was traveling in the same direction near the right hand curb; that just after she passed the intersection of Minter and Eleventh Street the boy turned to the left directly in front of her, apparently to cross to the other side of the street, and that although she tried hard to keep from hitting him she was unable to do so. She stated that the boy did not hold out his hand or make any signal showing an intention to turn; that when he suddenly turned in front of her she tried to keep from hitting him by applying her brakes as soon as possible and by steering her car to the left to avoid the collision, but that it all happened so suddenly she was unable to avoid the accident.

The evidence indicates that the impact threw Victor Callison down the street about twenty-four feet from a gouge mark in the pavement which an investigating officer took to be the probable point of impact. The officer stated that such probable point of impact was about eleven feet from the right-hand or west curb. The bicycle was about fourteen feet on further south and was about fifteen feet from the right-hand curb. There were automobile skid marks for about 30 feet before such point of impact and for 6 feet past it. The boy suffered a broken right leg and a concussion as a result of the collision. The only things he can remember about the accident are where he was in relation to the curb prior to the accident, that he looked back and saw the approaching car and that he was on the pavement after the collision.

Appellants alleged numerous grounds of negligence on the part of Mrs. Hartgraves proximately causing the accident, injury and damages complained of. Appellee by her pleadings alleged numerous acts of contributory negligence on the part of the minor appellant Victor Callison. Special issues on the alleged acts of negligence and contributory negligence were submitted to the jury which answered: That appellee Wanda Hartgraves kept a proper lookout on the occasion in question; that she allowed sufficient clearance in attempting to pass the bicycle ridden by Victor Callison; that she properly applied her brakes and that her failure to sound her horn was not a proximate cause of the collision; that the minor appellant turned his bicycle to the left in front of the car driven by appellee; that such act was negligence and a proximate cause of the collision; that he failed to keep a proper lookout which was a proximate cause of the collision; that he turned his bicycle to the left without first ascertaining that such movement could be made with safety which act was negligence and a proximate cause of the collision; that he failed to give a left turn signal which was negligence and a proximate cause of the collision, and that he failed to operate his bicycle as near to the right hand side of the street as practicable which was negligence and a proximate cause of the accident. These answers absolving appellee of any negligence proximately causing the collision and finding the minor appellant guilty of numerous acts of contributory negligence required the judgment

rendered. The judgment should, therefore, be affirmed unless appellants' points show reversible error.

Appellants present two points in which it is contended that reversible error is shown (1) in that the jury verdict is so contrary to the overwhelming weight of all the evidence as to be clearly wrong and unjust and (2) that the evidence is insufficient to support the jury finding that Victor Callison turned to the left in front of appellee's car on the occasion in question. The two points are discussed and argued together in appellants' brief. Appellants' principal contention is that under all the facts and circumstances in evidence the verdict is contrary to human experience and common sense; that for the verdict to stand it would have to be held, in effect, that a person can ride a bicycle next to the curb on the right hand side of the street, make a direct left hand turn in front of a car coming from the rear and, without turning back to his right, can receive the impact and damage on the right hand side of the bicycle and of his body. Appellants point out that the damage was to the right side of the bicycle and that Victor Callison's right leg was broken. Appellants further point out that the only witness who testified that Victor Callison turned to his left in front of the automobile was appellee Wanda Hartgraves, and she testified that the bicycle turned left directly in front of her immediately prior to the time of the collision and did not then turn back to the right. Appellants assert that appellee's testimony is beyond the realm of human reason and belief in view of the damage to the right side of the bicycle and to Victor Callison's right leg; that the verdict is so contrary to the overwhelming weight of human experience and the preponderance of the evidence as to be clearly wrong and manifestly unjust.

■ In our opinion these points are not well taken. Appellants had the burden of establishing that appellee was guilty of negligence proximately causing the collision. The jury absolved appellee of any negligence. Such findings are amply supported by the evidence and a consideration of the evidence as a whole shows that none of them are against the great weight and preponderance of the evidence. Actually, there is no evidence contrary to such findings unless the facts and circumstances relied upon by appellants may be so considered. These findings required the judgment rendered by the court.

■ The findings that the minor appellant was guilty of contributory negligence are, likewise, supported by sufficient evidence. It is true, as appellants contend, that appellee testified that the minor appellant after turning to the left in front of her car did not thereafter make a turn to the right. Appellant asserts that this testimony is so inconsistent with other facts and circumstances in evidence as to render the findings of the jury against the great weight and preponderance of the evidence. We cannot agree with this contention. In the first place, the jury is the judge of the credibility of the witnesses and to the weight to be given their testimony, and is entitled to believe a part of the testimony of a witness and reject a part thereof. The jury could have thought that appellee was mistaken in her statement that the boy did not turn back to the right immediately prior to the collision and have believed the remaining portion of her testimony. In any event we are of the opinion that the facts that the damage to the bicycle appears to be on the right side rather than to the left and that the minor appellant's right leg was broken are not so inconsistent with the findings of the jury, including the one to the effect that the minor turned his bicycle to the left in front of appellee's car, as to require a holding that the verdict is against the great weight and preponderance of the evidence.

The judgment is affirmed.